UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THERMAL DYNAMICS INTERNATIONAL INC., ) | |
| ) | |
| Plaintiff, ) | Case No. 1:13-cv-00721-CKK |
| v. ) | |
| SAFE HAVEN ENTERPRISES, LLC, ) ALTA BAKER and JOHN BAKER, ) | |
| Defendants, ) | |

**TDI's MOTION TO STRIKE DEFENDANTS' REPLY MEMORANDUM OR, IN THE ALTERNATIVE, TO REQUEST PERMISSION TO FILE A SURREPLY**

Plaintiff, Thermal Dynamics International, Inc. ("TDI"), by and through its undersigned counsel, respectfully requests this Court to issue an order either (1) striking the Reply Memorandum filed by Defendants, Safe Haven Enterprises ("SHE"), Alta Baker and John Baker, Docket #56, ("Defendants' Reply") or, alternatively (2) allowing TDI to file a surreply to Defendants' Reply. There is good cause for this request. Indeed, there are two good reasons for TDI's Request to Strike or file a Surreply.

First, Defendants' Reply contains a section entitled "Additional Statement of Facts." Def. Rep., Docket #56, at pp. 2-4. However, it is entirely improper for a party to introduce new facts in a reply brief. Indeed, the D.C. Circuit has held that a party who fails to raise an argument in its opening brief waives the argument. <u>Fox v. Gov't of the Dist. of Columbia</u>, 794 F.3d 25, 29 (D.C. Cir. 2015). Furthermore, the D.C. Circuit has held that it is inappropriate to consider issues raised for the first time in a reply brief because "considering an argument

1

advanced for the first time in a reply brief is not only unfair to an appellee but also entails the risk of an improvident or ill-advised opinion on the legal issues tendered." GTE Serv. Corp. v. FCC, 1994 U.S. App. LEXIS 23734, No. 91-1507, at *5 (D.C. Cir. Aug. 23, 1994) (internal quotations omitted) (finding that it would be inappropriate to consider an argument that was not raised in the opening brief).  The same principal holds true in the District Court.  Here, Defendants could have raised these facts in their Cross-Motion, but failed to do so.  Defendants' Cross-Motion, Docket #47, at pp. 3-18.  Thus, these facts are not properly before the Court.  Accordingly, the Court should strike Defendants' Reply or allow TDI an opportunity to respond.

There is another good reason to either strike Defendants' Reply or allow TDI to file a brief surreply. Defendants' Reply erroneously argues that TDI did not respond to Defendants' baseless argument that TDI's claims should be dismissed due to a discovery dispute. Defendants' Reply, Docket #56 at pp. 1; 5-6.  This is plainly incorrect.  In fact, TDI's Reply contained a counterstatement of facts which established the falsity of Defendants' factual allegations. TDI Reply, Docket # 54, at pp. 2-8.  TDI's Reply specifically noted that the Arbitrator found Defendants' arguments about TDI's discovery responses to be incorrect. Id. at p. 7.  Indeed, TDI stated that the Arbitrator rejected SHE's "fraud" argument and found that TDI's interrogatory response "was correct."  Id.

Likewise, TDI addressed Defendants' erroneous legal arguments about the discovery dispute in its Reply.  Id. at pp. 10-13.   Indeed, TDI expressly argued that "[a]lthough SHE argues that the Award was 'procured by corruption or fraud,' there is simply no basis for SHE's contention."  Id. at p. 10.  TDI then established that Defendants failed to meet the three prong test articulated in ARMA, S.R.O. v. BAE Sys. Overseas, 961 F.Supp.2d 245, 253 (D.D.C. 2013). Id. at pp. 10-14.  TDI then argued that Defendants' "claims of fraud are nothing more than a

2

7184838v.1

rehash of SHE's extensively litigated – and manufactured – discovery complaints." Id. at p. 13. Further, TDI made an additional argument that it would be inappropriate to dismiss its claims because Defendants never conferred about the manufactured discovery dispute as required by Rule 37 before SHE used the manufactured dispute to seek dismissal of the arbitration.  Id. at p. 14-17.  The fact that TDI did not respond to separate paragraphs of Defendants' unsupported "Statement of Facts" is irrelevant because Defendants did not file a motion for summary judgment.  Thus, the Court should either strike Defendants' contention that TDI did not respond to its baseless fraud argument or allow TDI to file a surreply addressing Defendants' nonsensical suggestion that TDI was required to separately rebut each of Defendants' unsupported allegations.

Accordingly, TDI respectfully requests that the Court grant its Motion to Strike Defendants' Reply.  In the alternative, TDI respectfully requests that the Court grant its request to file a surreply to Defendants' Reply.  TDI also respectfully requests that the Court order Defendants to the pay cost of this filing and any Surreply necessitated by Defendants' baseless arguments.

        Respectfully Submitted,

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

        By: /s/ **Janene Marasciullo**
        Janene M. Marasciullo, Esq.
        (DC Bar No. 435609)
        *Attorney for Thermal Dynamics International, Inc.*
        150 East 42nd Street
        New York, New York 10017
        (212) 915-5666

Dated:  December 29, 2015

## CERTIFICATE OF SERVICE

I, Janene Marasciullo, Esq., counsel for Plaintiff, Thermal Dynamics International, hereby certify that on December 29, 2015, I filed a true and correct copy of the foregoing Plaintiff, Thermal Dynamics International, Inc's Motion to Strike Defendants' Reply Memorandum, or, in the Alternative, to Request Permission to File a Surreply with the Court via the ECF/CM system, which sent notification to the following parties:

>Victoria Baker Flores
>Safe Haven Enterprises, LLC
>1115 Safe Haven Drive
>P.O. Box 537
>Jennings, LA 70546
>
>Bradley S. Deutchman, DCB# 460912
>Deutchman & Jones, PLLC
>1050 17th Street, NW Suite 1000
>Washington, DC 20036
>
>Jason R. Mischel
>SAFE HAVEN ENTERPRISES LLC
>201 E 19th Street, #5L
>New York, NY 10003
>(212) 995-5196
>Fax: (646) 602-4475

>/s/Janene Marasciullo
>Janene Marasciullo

7184838v.1